IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-00845-TPO

ABEL CARRILLO PABLO,

     Petitioner,

v.

JUAN BALTAZAR, Warden of the
Denver Contract Detention Facility;
KALEI WALKER, Acting Field Office Director in
Denver, Immigration and Customs Enforcement's Enforcement and
Removal Operations;
TODD LYONS, Acting Director of
Immigration and Customs Enforcement;
KRISTI NOEM, Secretary of the
U.S. Department of Homeland Security;
PAMELA BONDI, Attorney General of the United States;

in their official capacities, and

EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,

     Respondents.

---

## ORDER TO SHOW CAUSE

---

**Timothy P. O'Hara, United States Magistrate Judge.**

This matter comes before this Court upon the Petition for Writ of Habeas Corpus and Request for Order to Show Cause. ECF 1.

Petitioner is a citizen of Mexico. *Id*. ¶ 14. In approximately 2020, Petitioner entered the United States without inspection and has resided within the country since then. *Id*. ¶ 43. On or around January 16, 2026, Petitioner was arrested at a traffic stop and initially detained at the Florida Soft Side South facility before his transfer to the Denver Contract Detention Facility, where he is currently being detained. *Id.* ¶¶ 14, 44-45; *see also* ECF 1-2. On February 11, 2026, the

Department of Homeland Security (DHS) placed Petitioner in removal proceedings. *Id.* ¶ 46. Petitioner alleges that DHS and the Executive Office of Immigration Review (EOIR) have unlawfully detained him under 8 U.S.C. § 1225(b)(2)(A)'s mandatory detention framework. *Id.* ¶ 1. Instead, Petitioner contends that his detention should be governed by § 1226(a), which allows for discretionary release on conditional parole or bond, because he was charged as inadmissible for having entered the country without inspection. *See id.* ¶¶ 5-6.

Petitioner pleads three causes of action: (1) violation of the Immigration and Nationality Act, 8 U.S.C. §§ 1225(b)(2), 1226(a), *id.* ¶¶ 50-52; (2) violation of bond regulations, *id.* ¶¶ 53-56; and (3) violation of Petitioner's Due Process rights under the Fifth Amendment, *id.* ¶¶ 57-61. Among other relief, Petitioner requests that this Court issue an Order to Show Cause to Respondents and issue a writ of habeas corpus for Petitioner's release, or, in the alternative, for the Respondents to provide him with a bond determination hearing under § 1226(a). *Id.* at 13-14. Petitioner also requests an Order enjoining his transfer from this District while the Petition is pending but has not filed a separate motion for preliminary injunctive relief. *See id.* At this time, this Court does not consider that request to be for expedited injunctive relief. If Petitioner does seek this relief, Petitioner shall file an appropriate motion under Fed. R. Civ. P. 65, stating the grounds for relief as supported by relevant legal authority.

After preliminary consideration of the Petition, this Court ORDERS as follows:

**Petitioner shall serve Respondents with his Petition, exhibits, and this Order to Show Cause by <u>March 26, 2026</u>**. Within 48 hours of serving Respondents, Petitioner shall file proof of service on the docket, and counsel for Respondents shall promptly enter notices of appearance.

On or before **April 2, 2026**, the Respondents shall show cause why the Petition [ECF 1] should not be granted. Also by **April 2, 2026**, the Parties shall complete and file the Magistrate Judge Consent Form [ECF 3].

On or before **April 9, 2026**, Petitioner may file a Reply in support of his Petition.

SO ORDERED.

DATED at Denver, Colorado, this 24th day of March, 2026.

BY THE COURT:

Timothy P. O'Hara
United States Magistrate Judge