IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-00845-TPO

ABEL CARRILLO PABLO,

     Petitioner,

v.

JUAN BALTAZAR, Warden of the
Denver Contract Detention Facility;
KALEI WALKER, Acting Field Office Director in
Denver, Immigration and Customs Enforcement's Enforcement and
Removal Operations;
TODD LYONS, Acting Director of
Immigration and Customs Enforcement;
MARKWAYNE MULLIN,[1] Secretary of the
U.S. Department of Homeland Security;
TODD BLANCHE, Acting Attorney General of the United States;

in their official capacities, and

EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,

     Respondents.

---

## ORDER

**Timothy P. O'Hara, United States Magistrate Judge.**

This matter comes before this Court upon the Petition for Writ of Habeas Corpus and Request for Order to Show Cause. ECF 1. The Parties have consented to this Court's jurisdiction. ECF 14. Chief Judge Daniel D. Domenico referred the matter to this Court "for final disposition" and to "conduct any and all further proceedings and order the entry of judgment." ECF 16. This Court issued an Order to Show Cause [ECF 4] to which Respondents responded [ECF 15]. With

---

[1] Pursuant to Fed. R. Civ. P. 25(d), this Court updates the case caption with the names of those Respondents who are the current office holders.

the filing of Petitioner's Reply [ECF 17], the Petition is fully briefed and ripe for review. Because the Court determines that the Petitioner's challenge is fundamentally legal in nature, the Court declines to hold a hearing. *See* 28 U.S.C. § 2243. Having reviewed the Petition and its briefing and having reviewed the relevant case law, the Court **grants** Count I of the Petition.

## FACTUAL BACKGROUND

Petitioner is a citizen of Mexico. ECF 1 ¶ 14. In approximately 2020, Petitioner entered the United States without inspection and has resided within the country since then. *Id*. ¶ 43. On or around January 16, 2026, Petitioner was arrested at a traffic stop. Id.¶ 44. Initially immigration officials detained Petitioner at a facility in Florida before his transfer to the Denver Contract Detention Facility, where he is currently being detained. *Id.* ¶¶ 14, 44-45; *see also* ECF 1-2. On February 11, 2026, the Department of Homeland Security (DHS) placed Petitioner in removal proceedings. *Id.* ¶ 46.

Petitioner alleges that DHS and the Executive Office of Immigration Review (EOIR) have unlawfully detained him under 8 U.S.C. § 1225(b)(2)(A)'s mandatory detention framework. *Id.* ¶ 1. Instead, Petitioner contends that his detention should be governed by § 1226(a), which allows for discretionary release on conditional parole or bond, because he was charged as inadmissible for having entered the country without inspection. *See id.* ¶¶ 5-6.

## JURISDICTION AND LEGAL STANDARD

This Court has jurisdiction under the federal habeas corpus statute, 28 U.S.C. § 2241, to hear this case relating to the immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001); *Martinez Escobar v. Baltazar*, No. 26-cv-00296-NYW, 2026 WL 503313, at \*2 (D. Colo. Feb. 24, 2026). Courts are authorized to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §

2241(c)(3). It is undisputed that Petitioner has been in immigration custody in the District of Colorado since February 10, 2026. ECF 1 ¶¶ 1-2. "The individual in custody bears the burden of proving that their detention is unlawful." *Batz Barreno v. Baltasar*, No. 25-cv-03017-GPG-TPO, 2026 WL 120253, at \*2 (D. Colo. Jan. 15, 2026) (citing *Walker v. Johnston*, 312 U.S. 275, 286 (1941)).

## ANALYSIS

Petitioner argues that his immigration detention is unlawful in three respects. First, he asserts his detention without bond violates the Immigration and Nationality Act, 8 U.S.C. §§ 1225(b)(2); 1226(a). ECF 1 ¶¶ 50-52. Next, he argues that Respondents have violated bond regulations, 8 C.F.R. §§ 236.1, 1236.1, and 1003.19. *Id.* ¶¶ 53-56. Finally, Petitioner argues that his Fifth Amendment right to due process has been violated. *Id.* ¶¶ 57-61. Petitioner asks this Court to order his immediate release or, in the alternative, that Respondents provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a). Because this Court will grant relief on Count I, it does not reach Counts II or III.

**I.      Whether 8 U.S.C. § 1225(b) or 8 U.S.C. § 1226(a) Govern Petitioner's Detention**

In Count I, Petitioner claims that Respondents failed to comply with the INA and that they are unlawfully subjecting him to the mandatory detention provision of 8 U.S.C. § 1225(b). *Id.* ¶¶ 42; 50-52. Petitioner asks this Court to compel Respondents to conduct a bond hearing, or, alternatively, to order his immediate release. *Id.* at 14.

As acknowledged by the government, ECF 15 at 2, this Court has already addressed and rejected Respondents' interpretation of § 1225(b). *See Colindres Carmona v. Ceja*, No. 25-cv-04061-TPO, ECF No. 22. There, this Court held that the petitioner was detained under 8 U.S.C. § 1226(a) and not under 8 U.S.C. § 1225(b)(2)(A) and thus entitled to a bond determination hearing.

*Id.* at 9. The government still disagrees with that ruling, but rather than rehashing its argument as part of this case, in order to "conserve resources and expedite this Court's consideration of this case, it submits an "abbreviated response" and reserves its right to appeal this Court's decision. ECF 15 at 2. The government concedes that based on this Court's prior ruling in *Colindres Carmona*, it "would lead the Court to reach the same result here, as the facts of the case are not materially distinguishable from that case . . ." *Id.* at 3. The government is correct, and this Court finds, as it did in *Colindres Carmona* and multiple other cases,[2] that Petitioner's detention is under 8 U.S.C. § 1226(a), and Petitioner is thus entitled to a bond determination hearing.

The detention of noncitizens prior to a final order of removal is governed by two sections of the INA: 8 U.S.C. §§ 1225 and 1226. *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *4 (D. Colo. Oct. 22, 2025) (citing *Jennings v. Rogriguez*, 583 U.S. 281, 287 (2018)). "Section 1225 mandates detention pending removal proceedings, providing that, 'if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall* be detained.'" *Portrillo Martinez v. Baltazar*, No. 26-cv-00106-PAB, 2026 WL 194163, at *2 (D. Colo. Jan. 26, 2026) (quoting 8 U.S.C. § 1225(b)(2)(A)). If none of the statutory exceptions apply, § 1225 "mandates detention without the opportunity for a bond hearing." *Id.* (citing *Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *3 (D. Colo. Oct. 24, 2025)).

By contrast, § 1226(a) does not mandate detention. It states that a noncitizen, "[o]n a warrant issued by the Attorney General," may be arrested pending a decision on whether to remove the individual, and once arrested, the Attorney General may continue to detain or release the

---

[2] *See, e.g.*, *Martinez Garrido v. Baltasar*, No. 26-cv-00428-TPO (D. Colo. Mar. 6, 2026); *Hernandez Murillo v. Ceja*, No. 25-cv-04163-TPO (D. Colo. Mar. 9, 2026); *Hernandez Munoz v. Hagan*, No. 26-cv-00608-TPO (D. Colo. Mar. 17, 2026).

individual. *Id.* (citing 8 U.S.C. § 1226(a)). Section 1226 "sets forth 'the default rule' for detaining noncitizens 'already present in the United States.'" *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800, at *3 (E.D. Va. Sept. 30, 2025) (quoting *Jennings*, 583 U.S. at 303). "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306.

The crux of the issue is under which section Petitioner's detention should be considered. This Court finds U.S. District Judge Nina Y. Wang's statutory analysis in *Loa Caballero* to be persuasive. 2025 WL 2977650, at *5-7. The plain language of the applicable statutes would suggest that the phrase "'seeking admission' requires that the applicant must be presently and actively seeking lawful entry into the United States." *Id.* at *6. Noncitizens who have been living in the country for years are not "'seeking admission' under § 1225(b)(2)(A)." *Id.* (citing *Lopez-Campos*, 2025 WL 2496379, at *6). This is Petitioner's situation.

The principal thread of Respondents' argument is that all noncitizens that entered the country without permission should be deemed "applicants for admission," regardless of how long these noncitizens have been present in the country. ECF 9 at 2. Respondents claim that *Jennings* supports their conclusion. *Id.* (citing *Jennings*, 583 U.S. at 287). This Court disagrees with the Respondents' interpretation of *Jennings*. After all, the *Jennings* Court distinguished the two statutes and noted "[i]n sum, U.S. immigration law authorizes the Government to detain certain aliens *seeking admission* into the country under §§ 1225(b)(1) and (b)(2)" and that "[i]t also authorizes the Government to detain certain aliens *already in the country pending the outcome of removal proceedings* under [] § 1226(a)." *Portillo Martinez v. Baltazar*, No. 26-cv-00106-PAB, 2026 WL 194163, at *3 (D. Colo. Jan. 26, 2026) (quoting *Jennings*, 583 U.S. at 289) (emphasis in *Portillo Martinez*, not in *Jennings*).

5

Numerous courts have disagreed with Respondents' position, finding, like in *Loa Caballero*, that "[n]oncitizens who are just 'present' in the country . . ., who have been here for years upon years and never proceeded to obtain any form of citizenship[,] . . . are not 'seeking' admission under § 1225(b)(2)(A)." *Hernandez*, 2025 WL 2996643, at *5 (quoting *Lopez-Campos v. Raycraft*, No. 2:25-CV-12486, 2025 WL 2496379, at *6 (E.D. Mich, Aug. 29, 2025)); *see also Cunha v. Freden*, -- F.4th --, 2026 WL 1146044 (2nd Cir. Apr. 28, 2026); *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1062 (7th Cir. 2025). Even the title of § 1225, "Inspection by immigration officers; expedited removal of inadmissible arriving aliens; referral for hearing," suggests a different application of § 1225, one not applicable to an individual living in the United States for as long as Petitioner. In fact, "federal district courts have overwhelmingly rejected Respondents' 'broad interpretation of section 1225(b)(2).'" *Loa Caballero*, 2025 WL 2977650, at *5 (collecting cases).

The Respondents point out that a limited number of courts have supported Respondents' position. *See* ECF 15 at 3 (citing *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502-08 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026)). However, *Buenrostro-Mendez* and *Avila* are neither controlling nor persuasive and are no more authority to this Court than *Cunha* and *Castañon-Nava*. Because neither the Supreme Court nor the Tenth Circuit have yet weighed in on this issue, this Court finds more persuasive the great weight of authority among the district courts in this Circuit and throughout the country, as well as the decisions from the Second and Seventh Circuits, that have interpreted §§ 1225(b) and 1226(a) and have concluded that they do not support the mandatory detention of noncitizens in Petitioner's circumstances.

As a result, this Court orders that Petitioner receive a bond hearing consistent with 8 U.S.C. § 1226(a). Respondents concede this as the appropriate remedy should the Court determine that Petitioner is detained under §1226(a). ECF 15 at 5.

## II.      Petitioner's Remaining Claim for Relief

Because this Court orders a release determination/bond hearing pursuant to § 1226(a), this Court declines to reach Petitioner's Counts II and III. *De La Cruz v. Baltazar*, No. 26-cv-00360-PAB, 2026 WL 439217, *3 n.3 (D. Colo Feb. 17, 2026) (citing *Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *8 (D. Colo. Oct. 24, 2025)). This Court notes that Petitioner may reassert those claims should subsequent developments make it appropriate to do so. *See Hernandez*, 2025 WL 2996643 at *8 (citations omitted).

## CONCLUSION

This Court agrees with Petitioner that § 1226(a) governs his detention. Petitioner therefore is entitled to a release determination/bond hearing consistent with § 1226(a)(2).

The Respondents shall conduct the appropriate bond hearing within five days of the date of this Order. *Martinez Escobar*, 2026 WL 503313 at *4. At that hearing, the government shall bear the burden of justifying Petitioner's continued detention by clear and convincing evidence of dangerousness or flight risk. *Id.*

For the above reasons, it is therefore **ORDERED** that:

1) Petitioner's Petition for Writ of Habeas Corpus [ECF 1] is **GRANTED** as to Count One;

2) Respondents shall conduct the appropriate release determination/bond hearing under 8 U.S.C. § 1226(a) within five days of this Court's order, *i.e.*, **by May 18, 2026**; and

3) On or before **May 20, 2026**, the Parties shall file a Joint Status Report informing the Court of whether the bond hearing was held and whether bond was granted or denied.

SO ORDERED.

DATED at Denver, Colorado, this 11th day of May, 2026.

BY THE COURT:

Timothy P. O'Hara
United States Magistrate Judge